UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TERRY W. HAMBRIC                                                                               PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:15CV-P557-TBR

DAVID R. WEISER *et al.*                                                                      DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Terry W. Hambric, a federal inmate, filed the instant *pro se* action under *Bivens v. Six Unknown Fed. Narcotics Agents* proceeding *in forma pauperis*. This matter is now before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. Upon review, for the reasons set forth herein, the Court will dismiss the action.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is an inmate at the Federal Correctional Institution in Beckley, West Virginia. He sues David R. Weiser, an Assistant U.S. Attorney (AUSA), and attorneys Catherine J. Kamenish and Don H. Major in their individual and official capacities. Plaintiff states that Major was the attorney for his co-defendant in a federal criminal action and that he had been Plaintiff's attorney in a previous state-court criminal case. He contends that this representation created a conflict of interest. He reports that Weiser was the AUSA who prosecuted him and that Kamenish represented him in the federal action. He states that Major, Weiser, and Kamenish "negligently knew information necessary to discern the existence of an impermissible 'conflict of interest.'" He states that Defendants' conduct was "detrimental to my case." He contends that Defendants disregarded his rights and violated their ethical duties. Plaintiff states that Defendants "deliberately violated my rights in the court of law, to shift the burden of proof on

me, to protect co-Defendant Jill M. Pezzarossi, well being." As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

Plaintiff sues Defendants in both their individual and official capacities. However, "a *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). The Court, therefore, will dismiss the *Bivens* claims

against all Defendants in their official capacities for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's claim against Weiser in his individual capacity, a prosecutor acting in his role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the government's case, enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Plaintiff's claim against Weiser arises out of his role in prosecuting the criminal action against him, and Weiser is entitled to absolute immunity for these actions. Therefore, Plaintiff's individual-capacity claim against Weiser will be dismissed for seeking relief from a Defendant who is immune from such relief.

With regard to attorneys Major and Kamenish, to state a claim under *Bivens*, a plaintiff must allege that a federal officer acted under federal law to deprive plaintiff of a constitutional right. *Bivens*, 403 U.S. at 389. It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of *Bivens*. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (concluding that a public defender does not act under color of state law for purposes of § 1983); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 U.S. App. LEXIS 13631, at *3 (6th Cir. June 23, 1998) (referencing *Polk* and concluding that, just as a court-appointed attorney is not a state actor under § 1983, "an attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action"). Thus, Plaintiff's claims against Major

4

and Kamenish in their individual capacities will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, Plaintiff's complaint will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
  Defendants
4413.010